DYNALECTRON CORPORATION, Appellant,

v.

ROBERT M. GAMBLE, JR., INC., Appellee.

No. 3571.

District of Columbia Court of Appeals.

Argued Nov. 9, 1964.

Decided Jan. 14, 1965.

Phillip D. Bostwick, Washington, D. C., for appellant.

James Brent Clarke, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellee, an advertising agency, brought suit against appellant to recover for services rendered pursuant to a written agreement. Under the agreement appellee was to serve "as advertising agency for Dynalectron Corporation with respect to all parent-Company, institutional-type advertising to be placed with media." The agreement further provided:

"In compensation for our services to Dynalectron Corporation, we shall retain the customary commissions paid to us by commissionable media, and charge Dynalectron Corporation 15% of gross costs for non-commissionable media. All artwork, production costs, and mechanical, rough or comprehensive layouts prepared by us for use in commissionable media will be charged to Dynalectron Corporation at a figure including all costs and 15% of the gross amount. All other advertising materials which are non-commissionable will be charged to Dynalectron Corporation at prices agreed upon in advance of the work.

"You reserve the right, in your own best interests, to modify, reject, cancel or stop any and all plans, schedules, or work in process; and in such event we shall immediately take proper steps to carry out your instructions; but it is understood that you will assume our liability for all commitments authorized by you, and reimburse us for any losses we may sustain and for all expenses incurred in connection with your advertising on your authorization, and to pay us any service charges relating thereto."

The evidence at trial established that during the first year following the adoption of the agreement appellee conducted an advertising campaign for appellant in the Wall Street Journal. At the conclusion of the campaign appellant made no additional advertising commitments and for several months placed no advertising with commis-sionable media. Thereafter, following discussions between the parties and with appellant's authorization, appellee prepared a proposed advertising campaign for the coming year. The new campaign was presented to but rejected by appellant which subsequently terminated the agency agreement. Appellee's bill for $3,346.18, representing the cost of preparing the proposed campaign, was refused, and this suit followed. Appellee was awarded judgment for the full amount of its claim.

Appellant contends that since appellee's work was never accepted "for use in commissionable media" it is not liable under the contract for any expenses incurred in preparing the proposed campaign. Appellee argues that it is entitled to reimbursement for losses sustained or expenses incurred "in connection with [appellant's] advertising on [its] authorization."

The trial court, in its findings of fact, found that appellant had authorized appellee to prepare the proposed campaign. Since this finding has support in the record and is not clearly erroneous, it must be upheld on appeal. Davis v. Humphreys & Harding, Inc., D.C.App., 205 A.2d 309. The trial court also found:

"[Appellee] prepared and presented to [appellant] such an advertising program at a cost of $3,346.18, which consists of the hours spent on the program by the production manager, the art director, the executive vice president and creative director, and the media director, at their respective hourly rates of pay; overhead, and 15% of the gross costs."

This finding is only partially supported by the record.

Under the contract appellee's compensation for advertising placed with commissionable media was divided into commissions for general services and commissions for artwork, production costs and mechanical layouts. Both parties agreed that had the proposed campaign been accepted,

the services of the executive vice president, the creative director, and the media director would have been compensated by "the customary commissions paid * * * by commissionable media," and not "at their respective hourly rates of pay; overhead, and 15% of the gross costs." These latter rates applied only to artwork, production costs and mechanical layouts, and had been so applied during the Wall Street Journal campaign. Moreover, the proposed campaign was in a formative stage and the claim that the services of these employees were compensable by appellant was merely speculative. The record, therefore, does not support an award for the executive vice president, the creative director, and the media director. Since the art and production costs incurred in presenting the proposed campaign were authorized and were measurable by the terms of the contract, we rule that appellee is entitled to $968.94.[1] The judgment of the trial court, as modified, will be

Affirmed.

1. Calculated as follows: $1,112.48 for 46 hours of the art director's time, plus $68.46 for 4 hours of the production manager's time, less the stipulated overcharge of $212, equals $968.94.